UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

AARON D. YOUNKER,

        **Plaintiff,**

                                        **Civil Action 2:13-cv-00746**
      v.                                **Judge Gregory L. Frost**
                                        **Magistrate Judge Elizabeth P. Deavers**

OHIO DEPARTMENT OF
REHABILITATION & CORRECTIONS, *et al.*,

        **Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, who proceeds without the assistance of counsel, is a former inmate of the Chillicothe Correctional Institution ("CCI"). While incarcerated at CCI, Plaintiff filed an action against the Ohio Department of Rehabilitation and Corrections ("ODRC") and various doctors asserting claims for deliberate indifference to his serious medical needs in violation of the Eighth Amendment. *Younker v. Ohio State Univ. Med. Center, et al.*, No. 2:11-cv-749 (S.D. Ohio 2011). On July 16, 2013, the Court granted Defendants' Motion for Summary Judgment in that action and dismissed Plaintiff's claims without prejudice for failure to exhaust his administrative remedies as the Prison Litigation Reform Act ("PLRA") requires. Plaintiff, who has since been released from incarceration, filed the instant action on July 29, 2013, asserting the same claims of deliberate indifference. This matter is before the Court for consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis.* (ECF No. 1.) This matter is also before the Court for an initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is

frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Plaintiff's

Motion for Leave to Proceed *in forma puaperis* is **GRANTED**.  (ECF No. 1.)  Accordingly,

Plaintiff will be allowed to prosecute this action without prepayment of fees or costs and all

judicial officers who render services in this action shall do so as if the costs have been prepaid.

28 U.S.C. § 1915(a).  For the reasons that follow, it is **RECOMMENDED** that Plaintiff's claims

against ODRC and Dr. Paul Beery be **DISMISSED** for failure to state a claim upon which relief

can be granted.  At this juncture, Plaintiff may proceed with his claims against Defendants Drs.

Krisher, Eddy, and Houtts.

## I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to

"lower judicial access barriers to the indigent."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

In doing so "Congress recognized that 'a litigant whose filing fees and court costs are assumed

by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing

frivolous, malicious, or repetitive lawsuits.'"  *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S.

319, 324 (1989)).  To address this concern, Congress included subsection (e)[1] as part of the

statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been
> paid, the court shall dismiss the case at any time if the court determines that--
>
>           *       *       *
>
> (B) the action or appeal--

---

[1]Formerly 28 U.S.C. § 1915(d).

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, Section 1915(e) requires *sua sponte* dismissal of an action upon a court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Further, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual

allegations as true, and make reasonable inferences in favor of the non-moving party.  *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted).  The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations.  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  In addition, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'"  *Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

## II.

Plaintiff has failed to state a claim upon which relief can be granted with respect to Defendants  Paul Beery and ODRC.  At this juncture, Plaintiff may proceed with his claims against Defendants Drs. Krisher, Eddy, and Houtts.

### A.    Defendant Paul Beery[2]

Although Plaintiff names Paul Beery as a Defendant in this action, he fails to mention Defendant Beery again at all in his Complaint.  Federal Rule of Civil Procedure 8(a) requires Plaintiff to include within his Complaint "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  A basic essential of a proper complaint is that it contain factual allegations against each named defendant.  *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint . . . is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal

---

[2]Although Plaintiff spells Dr. Beery's name with two "e"s in the instant Complaint, he spelled it as Dr. "*Berry*" in his previous action.

4

construction to be given to *pro se* complaints.") (citation omitted); *see also Scheid v. Fanny*

*Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988) (affirming dismissal of plaintiff's

claim because plaintiff "failed to allege, directly or inferentially, *any* facts" in support of a

material element of her claim) (emphasis in original).  Here, Plaintiff's failure to mention

Defendant Beery in the body of his Complaint, much less allege any facts against him, renders

any purported claim against this Defendant subject to dismissal for failure to state a claim upon

which relief can be granted.[3]

**B.     ODRC**

The Undersigned also finds dismissal appropriate with respect to ODRC because (1) the

Eleventh Amendment bars recovery of monetary damages against this Defendant; and (2)

Plaintiff's release from incarceration has rendered any claim for injunctive or declaratory relief

moot.

First, the Eleventh Amendment of the United States Constitution operates as a bar to

federal-court jurisdiction when a private citizen sues a state or its instrumentalities unless the

---

[3]In addition, the Court notes that Plaintiff sought to assert claims against Defendant
Beery in his previous action, and that those claims were also dismissed on an initial screen.
According to the allegations contained in Plaintiff's prior Complaint, Dr. Beery is a doctor at
The Ohio University Medical Center who performed an unsuccessful hernia surgery on Plaintiff.
*See* Complaint, Docket No. 5, *Younker*, No. 2:11-cv-749 (containing allegations that Dr. Beery
performed an unsuccessful hernia surgery on Plaintiff).  As the Court indicated in dismissing Dr.
Beery as a Defendant in that case, Eleventh Amendment immunity protects Dr. Beery, a doctor
employed by The Ohio State University, from liability in his official capacity.  (Report and
Recommendation 4, ECF No. 6, *Younker*, No. 2:11-cv-749) (Report and Recommendation
subsequently adopted).  With respect to Dr. Beery's potential for individual liability, as the Court
indicated in that prior action, "[t]he ultimate failure of Plaintiff's surgery is not enough . . . to
reasonably infer that Defendant Berry was deliberately indifferent to Plaintiff's medical needs."
*Id.* at 6.  Finally, the Court dismissed any purported state-law medical negligence claim against
Defendant Beery because Plaintiff failed to attach a letter of merit to his Complaint, as Ohio law
requires.  *Id.*  Plaintiff failed to attach any such letter to this re-filed Complaint as well.

state has given express consent.  *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100

(1983); *Lawson v. Shelby Cnty*., 211 F.3d 331, 334 (6th Cir. 2000).  "It is well established that §

1983 does not abrogate the Eleventh Amendment."  *Harrison v. Michigan*, No. 10-2185, 2013

WL 3455488, at *3 (6th Cir. July 10, 2013) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)).

ODRC is an instrumentality of the state of Ohio.  *Lowe v. Ohio Dep't of Rehab*., No. 97-3971,

1998 WL 791817, at *2 (6th Cir. Nov. 4, 2008).  Because Ohio has not waived its sovereign

immunity in federal court, it is entitled to Eleventh Amendment immunity from suit for monetary

damages.  *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999).  Further, ODRC is

generally not considered a "person" who can be held liable under § 1983.  *Diaz v. Dep't of Corr.*,

703 F.3d 956, 962 (6th Cir. 2013).  Thus, dismissal pursuant to § 1915(e) of Plaintiff's claims

against ODRC is appropriate.  *See Wingo v. Tenn. Dept. of Corrs.*, 499 F. App'x 453, 454 (6th

Cir. 2012) (affirming trial court's dismissal of inmate's claims against state agency under §

1915(e), explaining that the department and the prison were entitled to Eleventh Amendment

immunity); *Harrison v. Michigan*, 2013 WL 3455488 at *3 (same).  Accordingly, Eleventh

Amendment immunity bars any award of monetary damages against ODRC in this action.

Second, Plaintiff's release from incarceration has rendered any claim he might have for

injunctive or declaratory relief moot.  Article III of the United States Constitution limits a federal

court's exercise of judicial power to actual, ongoing "Cases" or "Controversies."  U.S. Const.

art. III, § 2, cl. 1.  Article III's case-or-controversy requirement subsists throughout all stages of

the litigation.  *United States v. Juvenile Male*, 131 S.Ct. 2860, 2864 (2011) (internal quotation

marks and citation omitted) ("It is a basic principle of Article III that a justiciable case or

controversy must remain extant at all stages of review, not merely at the time the complaint is

filed."). The doctrine of mootness is a corollary of Article III's case-or-controversy requirement. "The mootness doctrine provides that although there may be an actual and justiciable controversy at the time the litigation is commenced, once that controversy ceases to exist, the federal court must dismiss the action for want of jurisdiction." 15 James Wm. Moore et al, Moore's Federal Practice § 101.9, at 101–238 (3d ed. 2011).

When an inmate files suit against prison officials at the institution of his incarceration based upon those officials' wrongful conduct, seeking declaratory and injunctive relief, and that inmate is subsequently transferred or released, courts routinely dismiss the declaratory and injunctive relief claims as moot. *Sossamon v. Texas*, 131 S.Ct. 1651, 1669–70 (2011) (citations omitted) ("A number of . . . suits seeking injunctive relief have been dismissed as moot because the plaintiff was transferred from the institution where the alleged violation took place prior to adjudication on the merits."); *see*, *e.g., Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (concluding that inmate's claims for declaratory and injunctive relief were rendered moot upon inmate's transfer from the prison about which he complained); *Abdur-Rahman v. Michigan Dep't of Corr.*, 65 F.3d 489, 491 (6th Cir. 1995) (inmate's request for injunctive relief mooted upon transfer from relevant prison); *Lavado v. Keohane*, 992 F.2d 601 (6th Cir. 1993) (same). This is because an inmate's transfer or release ends the alleged violations of his or her constitutional rights, which "render[s] the court unable to grant the requested relief." *Berger*, 983 F.2d at 724; *Fredette v. Hemingway*, 65 F. A'ppx 929, 931 (6th Cir. 2003) (concluding that an inmate's request for injunctive relief to prevent his transfer to another prison became moot upon the inmate's subsequent transfer because "the district court was unable to grant the relief requested"). Accordingly, in light of Plaintiff's release from incarceration, his claims against

ODRC must be dismissed.

C.    **Remaining Claims**

At this juncture, the Court concludes that Plaintiff may proceed with his claims against the remaining Defendants.  Consistent with this Court's obligation to construe Plaintiff's *pro se* Complaint liberally, *Garrett*, 2010 WL 1252923, at *2, in reaching this conclusion, the Court has considered the allegations Plaintiff advances in his Complaint, together with the documents he attaches as exhibits.  Plaintiff alleges that he repeatedly complained to Dr. Krisher regarding severe pain and swelling following a hernia surgery, and that Dr. Krisher refused to perform testing to determine the cause of Plaintiff's pain and swelling, even though his symptoms persisted for two years.  (Compl. 3, ECF No. 1-2.)  Plaintiff further alleges that Drs. Eddy and Hoults "knew of the danger" associated with the failed surgery and the need for additional corrective surgery, but that they "refused to operate," despite Plaintiff's persistent complaints of severe pain and other symptoms spanning over the course of two years.  (Pltf. Aff, Compl. 25, ECF No. 1-2.)  Plaintiff represents that he learned upon his release that the blood supply to his right testicle was compromised following the failed hernia surgery.  (Letter attached to Complaint, Compl. 5, ECF No. 1-2.)  Plaintiff alleges that Defendants' indifference resulted in permanent damage, explaining that because he was without treatment for two years, "there is no way of restoring the vascular supply, and that "removal of [his] testicle may be necessary." *Id.* The length of time that Plaintiff alleges passed without testing or other corrective medical treatment persuades this Court to find that Plaintiff has alleged sufficient facts to survive the initial screen with respect to his claims against Drs. Krisher, Eddy and Hoult for deliberate indifference to his serious medical needs.

## III.

For the reasons set forth herein, Plaintiff's Motion for Leave to Proceed *in forma puaperis* is **GRANTED**.  (ECF No. 1.)  It is **RECOMMENDED** that Plaintiff's purported claims against the ODRC and Dr. Paul Beery be **DISMISSED** pursuant to § 1915(e) for failure to state a claim upon which relief can be granted.  At this juncture, Plaintiff may proceed with his deliberate indifference claims against Defendants Drs. Eddy, Houtts, and Krisher.

The Clerk of Court is **DIRECTED** to mail a courtesy copy of the Complaint and a copy of this Order to the Ohio Attorney General's Office, 150 East Gay Street, 16th Floor, Columbus, OH 43215.

The United States Marshal is **DIRECTED** to serve by certified mail upon Defendants a summons, a copy of the Complaint, and a copy of this Order.  Defendants are **ORDERED** to answer or otherwise respond to the Complaint within 45 days after being served with a copy of the Complaint and summons.

## IV.

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and

waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted).

        **IT IS SO ORDERED**.

Date: August 9, 2013                            /s/ *Elizabeth A. Preston Deavers*
                                        Elizabeth A. Preston Deavers
                                        United States Magistrate Judge