**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**AARON D. YOUNKER,**

    **Plaintiff,**

    v.

**OHIO DEPARTMENT OF
REHABILITATION & CORRECTION, et al.,**

    **Defendants.**

Case No. 2:13-cv-746
**JUDGE GREGORY L. FROST**
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants' motion to dismiss (ECF No. 10), Plaintiff's memorandum in opposition (ECF No. 12), and Defendants' reply memorandum (ECF No. 13). For the reasons that follow, the Court **DENIES** the motion to dismiss. (ECF No. 10.)

## I. Background

According to the complaint, Plaintiff, Aaron Younker, had surgery in September 2010 to repair a hernia while he was serving a period of incarceration at Ohio's Chillicothe Correctional Institution ("CCI"). Plaintiff alleges that despite his repeated complaints, CCI doctors refused to provide adequate post-surgery care and to authorize an additional surgery. Proceeding *pro se*, Plaintiff filed the instant action on July 29, 2013, asserting claims against various doctors and other individuals for deliberate indifference to his serious medical needs.[1] The three defendants who remain in this litigation–Dr. Andrew Eddy, Dr. Larry Hoults, and Dr. Gary Krisher–have filed a motion to dismiss. (ECF No. 10.) The parties have completed briefing on the motion, which is ripe for disposition.

---

[1] This case is but one of several lawsuits that Plaintiff has filed against numerous individuals related to his surgery.

## II. Discussion

### A. Standard Involved

Defendants move for dismissal on the grounds that Plaintiff has failed to set forth claims upon which this Court can grant relief. This Federal Rule of Civil Procedure 12(b)(6) argument requires the Court to construe Plaintiff's complaint in his favor, accept the factual allegations contained in that pleading as true, and determine whether the factual allegations present any plausible claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). The Supreme Court has explained, however, that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Consequently, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

To be considered plausible, a claim must be more than merely conceivable. *Twombly*, 550 U.S. at 556; *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). What this means is that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. *See also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

### B. Analysis

Defendants argue that Plaintiff's claims under 42 U.S.C. § 1983 are barred by the

applicable two-year statute of limitations.  *See* Ohio Rev. Code § 2305.10; *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007) ("This Court has held that a two-year statute of limitations applies to § 1983 claims in Ohio.").  They contend that Plaintiff's allegations date back to his September 15, 2010 surgery.  Although Plaintiff does not specify in his pleading the precise date on which he first began to experience post-surgery difficulties, Defendants explain, he does plead knowledge of his alleged injury as of November 2010.  Defendants then note that Plaintiff did not file this action until July 29, 2013, well after the expiration of the statute of limitations.  Moreover, even if the operative date plead for limitations purposes were the most recent allegation of the pleading–the May 3, 2011 consultation request–Defendants note that the two-year period would still have run before Plaintiff field this lawsuit.

It is well settled that although state law governs the statute of limitations applicable to a § 1983 action, federal law governs when the statute of limitations begins to run.  *Wallace v. Kato*, 549 U.S. 384, 388 (2007).  Thus, Plaintiff's statute of limitations began to run when he knew or when, through the exercise of reasonable diligence, he had reason to know of his injury.  *Cooey*, 479 F.3d at 416.  The statute of limitations would thus appear to bar Plaintiff's claims.

Plaintiff of course disagrees with this result despite the fact that, in his memorandum in opposition, Plaintiff admits that his allegations date back to September 15, 2010.  But construing the *pro se* memorandum generously, Plaintiff appears to argue that the statute of limitations has not expired because, during the course of his prior incarceration, he had filed a prison grievance that was disposed of on November 30, 2012.  This suggests that Plaintiff is relying on tolling.

A § 1983 statute of limitations is tolled for the period during which a prisoner is pursuing exhaustion of his or her available administrative remedies.  *Brown v. Morgan*, 209 F.3d 595, 596

(6th Cir. 2000).  Defendants argue in their reply memorandum that Plaintiff cannot avail himself of this rule because he is not a prisoner.  To support this contention, Defendants direct this Court to *Bohannan v. Doe*, 527 F. App'x 283 (5th Cir. 2013).  *Bohannan* is of little utility here, however, because it involved a plaintiff who was not regarded as a prisoner during a period of civil commitment and who was consequently not under a prisoner's exhaustion obligation.  *Id.* at 293-94.  In contrast, Plaintiff here was a prisoner during much of the applicable time involved in his pleading and did pursue his state remedies.  *Bohannan* thus provides no applicable *per se* rule that Plaintiff is barred from reliance of tolling.

This leaves the Court with the issue of how much, if any, of the statute of limitations period should be tolled.  Unfortunately, neither side has addressed this issue sufficiently.  Plaintiff simply asserts a right to tolling, but he fails to explain the specific effect of multiple grievances and dispositions attached to his pleading (and it appears there may be missing information).  Defendants in turn only assert that Plaintiff is not entitled to statutory tolling, as noted above, and do not address any potential effect of any applicable grievance if tolling is possible.  This leaves the Court to its own devices to guess at the parties' relevant arguments in order to engage in any sort of analysis that is not bereft of nuance.  *See, e.g., Cornelius v. Wilkinson*, No. 1:05 CV 545, 2005 WL 2469685, at *3-5 (N.D. Ohio Oct. 5, 2005) (presenting a fact-based analysis of the effect of various grievances as they relate to a § 1983 statute of limitations debate).  It is neither this Court's role nor its desire to litigate a case on behalf of any party.  Thus, the inadequate briefing and the lack of a clear factual context argue against granting the motion to dismiss based on the statute of limitations.  *See Whitaker v. Donini*, No. 1:09-cv-388, 2011 WL 7268171, at *6 (S.D. Ohio Aug. 29, 2011) (rejecting dismissal on statute of

limitations grounds where the record was unclear on the tolling effect of a plaintiff's grievances). Defendants may well prevail on a statute of limitations argument later in this litigation, but not at this juncture and not on this motion to dismiss.

### III.  Conclusion

The Court **DENIES** Defendants' motion to dismiss.  (ECF No. 10.)

**IT IS SO ORDERED**.

      /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE