IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

AARON D. YOUNKER,

      Plaintiff,

      v.

OHIO DEPARTMENT OF
REHABILITATION & CORRECTION, et al.,

      Defendants.

Case No. 2:13-cv-746
JUDGE GREGORY L. FROST
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the court for consideration of Defendant's motion to dismiss (ECF No. 16), Plaintiff's memorandum in opposition (ECF No. 20), and Defendant's reply memorandum (ECF No. 24). For the reasons that follow, the Court finds the motion well taken.

### I. Background

In July 2013, Plaintiff initiated this action. On September 3, 2013, copies of the complaint and summons were sent to various defendants, including Dr. Larry Houts, at the Ohio Department of Rehabilitation and Corrections ("ODRC"). (ECF No. 6.) On September 16, 2013, the summons were returned as executed. (ECF No. 8.) On September 18, 2013, however, ODRC informed the Marshal's Service via letter that it had accepted the Houts summons in error because he was not at the address involved. (ECF No. 9.) Acting on Houts' behalf, the State of Ohio has filed a motion to dismiss the complaint against Houts for insufficient service of process. (ECF No. 16.) Briefing is complete on the motion, which is ripe for disposition.

## II. Discussion

### A. Standard Involved

The State of Ohio moves for dismissal on behalf of Houts pursuant to Federal Rule of Civil Procedure 12(b)(5) for failure to obtain service of the complaint under Federal Rule of Civil Procedure 4(m). Rule 12(b)(5) provides that insufficient service of process is a defense to a claim for relief and may be asserted by such a motion. Fed. R. Civ. P. 12(b)(5). Rule 4(m) in turn requires a plaintiff to serve the summons and complaint upon a defendant within 120 days after a complaint is filed. *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006); *Williams v. Smith*, 191 F.3d 454, 1999 WL 777654, at *1 (6th Cir. 1999) (unpublished table decision) (citing Fed. R. Civ. P. 4(m)). The rule provides in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The rule makes an appropriate extension mandatory upon a showing of good cause. Fed. R. Civ. P. 4(m). "Unless the plaintiff demonstrates good cause for failure to timely serve the defendant, the district court must either dismiss the complaint without prejudice or direct that service be made within a specified time period." *Williams*, 191 F.3d 454, 1999 WL 777654, at *1. Whether good cause has been shown is left to the sound discretion of the district court. *Id.* A plaintiff need not demonstrate good cause before this Court can grant an extension. *Henderson v. United States*, 517 U.S. 654, 662-63 (1996) (stating that pursuant to the Advisory Committee notes and the 1993 amendments to Rule 4(m), "courts have been accorded discretion to enlarge the 120-day period 'even if there is no good cause shown.' "); *Johnson v. Hayden*, 229

F.3d 1152, 2000 WL 1234354, at *3  n.3 (6th Cir. 2000) (unpublished table decision).

### B.  Analysis

On behalf of Houts, the State of Ohio argues that because Plaintiff has failed to perfect service on Houts within 120 days as required by Rule 4(m), this Court must dismiss the complaint against him without prejudice.  In his memorandum in opposition, Plaintiff concedes that the has failed to perfect timely service on Houts.  Plaintiff asserts that because the Ohio Attorney General would represent Houts following service, the Ohio Attorney General should provide Houts with notice of this action and complete service on him.  Plaintiff also requests in his memorandum that the Court order ODRC to perfect service on Houts, its former employee.

Plaintiff's request to shift responsibility for perfecting service has no basis in the law. *See* Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.").  Moreover, Plaintiff has not even attempted to establish good cause for his failure to comply with the 120-day period mandated by Rule 4(m).  Accordingly, dismissal without prejudice of his complaint against Houts is warranted.

### III.  Conclusion

The Court **GRANTS** the motion to dismiss filed by the State of Ohio (ECF No. 16) and **DENIES** the request by Plaintiff for the Court to order service on Houts by the Ohio Attorney General or ODRC.  This Court dismisses without prejudice the action against Houts.

**IT IS SO ORDERED.**

    /s/   Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE